DOMINICK NICOSIA, Appellant, *v.* KATHRYN TURZYN, Respondent.

No. 12306

March 12, 1981                                          624 P.2d 499

*Jones, Jones, Bell, Close & Brown, Ltd.,* Las Vegas, for Appellant.

*Charles W. Johnson,* Las Vegas, for Respondent.

94

## OPINION

*Per Curiam:*

This is an appeal from an order finding a trust to be irrevocable and compelling appellant Dominick Nicosia to return to that trust all assets which he had delivered to himself.

The facts reveal that in 1976 Mary and Dominick Nicosia conveyed certain assets to an inter vivos trust. The trust agreement provided that at the death of either trustor, the assets of the trust would be equally divided, creating two trusts, A and B, and that Kathryn Turzyn, Mary's sister, and the surviving trustor would act as co-trustees of these two trusts. The trust agreement also provided that during the lifetime of the surviving trustor the income from each trust would be distributed to the surviving trustor, and that the corpus of each trust would be invaded only if such income were insufficient to maintain the trustor. The agreement further specified that when both trustors had died, a new co-trustee would be appointed by Turzyn, and that thereafter she would receive the corpus of both trusts. The agreement stated that Trust A was to be irrevocable. It was silent as the revocability of Trust B.

Mary Nicosia died in 1978. Several months after his wife's death Nicosia notified Turzyn of his intent to revoke Trust B. He thereafter seized a portion of that trust's assets. Turzyn petitioned the court to order Nicosia to return the assets. Nicosia in turn petitioned the court for a determination that Trust B was revocable. The court found that by the intent and terms of the trust agreement both Trusts A and B became irrevocable upon the death of Nicosia's wife and that Nicosia's revocation of Trust B was invalid. The court ordered Nicosia to return the seized assets to Trust B. This appeal followed.

It is generally held that unless a power of revocation is specifically provided for in the trust, revocation will not be permitted. State Bank of Parsons v. First Nat. Bank in Wichita, 504 P.2d 156 (Kan. 1972); Loco Credit Union v. Reed, 516 P.2d 1112 (N.M. 1973); Clayton v. Behle, 565 P.2d 1132 (Utah 1977); In Re Estate of Button, 490 P.2d 731 (Wash. 1971). *Compare* Cal. Civ. Code § 2880. No power of revocation was reserved in the trust at issue.

Appellant, nevertheless, contends that because Trust A was specifically made irrevocable and nothing was said in the trust agreement regarding the revocability of Trust B, and because

of the spousal relationship of the trustors, Trust B was, by implication, revocable. A power to revoke may be evidenced by implication from the terms of the agreement. Trenton Banking Co. v. Howard, 187 A. 569 (N.J.Super.Ct.Ch.Div. 1936). However, review of the trust agreement at issue fails to give rise to such an implication. The specific limitations upon the power of the surviving trustor, including particularly the provision for a new co-trustee to be appointed by Turzyn, plus the specific limitations upon invasion of the corpus for the benefit of the surviving spouse, as well as the terms for the ultimate distribution of the corpus to Turzyn, all suggest, on the contrary, an intent that the trust was intended to be irrevocable by the surviving spouse.

The order of the district court is affirmed.